# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed: June 29, 2010

No. 07-5347

ARI Z. ZIVOTOFSKY, M.B.Z. BY HIS PARENTS AND GUARDIANS
AND NAOMI SIEGMAN ZIVOTOFSKY, M.B.Z.
BY HIS PARENTS AND GUARDIANS,
APPELLANTS

v.

SECRETARY OF STATE,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 03cv01921)

———

On Petition for Rehearing En Banc

———

Before:   SENTELLE, *Chief Judge*, and GINSBURG,
HENDERSON, ROGERS, TATEL, GARLAND, BROWN, GRIFFITH, and
KAVANAUGH, *Circuit Judges*.

## **O R D E R**

Appellants' petition for rehearing *en banc* and the response thereto were circulated to the full court, and a vote was requested. Thereafter, a majority of the judges eligible to participate did not vote in favor of the petition. Upon consideration of the foregoing, it is

**ORDERED** that the petition be denied.

**FOR THE COURT:**
Mark J. Langer, Clerk
BY:       /s/
Michael C. McGrail
Deputy Clerk

Circuit Judges Ginsburg, Rogers, and Kavanaugh would grant the petition for rehearing *en banc*.

A statement by Senior Circuit Judge Edwards is attached.

EDWARDS, *Senior Circuit Judge*, statement regarding the court's denial of *en banc* review:  By a divided vote, the active Judges of the court have voted against *en banc* review of this case.  In my view, the court has made a serious mistake.

It would be a stretch to say that the appellants, Ari Zivotofsky and his parents, have suffered a travesty of justice. The panel majority ruled that the Zivotofskys' claim should be dismissed because it raises a nonjusticiable political question. *Zivotofsky v. Sec'y of State*, 571 F.3d 1227 (D.C. Cir. 2009).  I dissented from this decision because, in my view, it is wrong as a matter of law.  *Id*. at 1233.  However, I agree that even if the Zivotofskys are given their fair day in court, as is their due, they will likely lose on the merits.  A shallow view of this case would thus suggest that *en banc* review looks like too much work for too little gain.  I reject this view.

There is much more at stake in this case than just the personal claim raised by the Zivotofskys.  This case calls into question the role of a federal court in our system of justice.  And it concerns the responsibility of a federal court to ensure that parties who are properly before the court are heard and afforded a just and coherent answer to their claims.  The court's action today ignores that our system of justice is founded on a "starting presumption that when jurisdiction is conferred, a court may not decline to exercise it."  *Union Pacific R.R. Co. v. Bhd. of Locomotive Eng'rs and Trainmen*, 130 S. Ct. 584, 590 (2009).  A federal court

> has the *duty* to review the constitutionality of congressional enactments. . . .  "Our system of government requires that federal courts on occasion interpret the Constitution in a manner at variance with the construction given the document by another branch.  The alleged conflict that such an adjudication may cause cannot justify the courts'

avoiding their constitutional responsibility." *Powell v. McCormack*, 395 U.S. 486, 549 (1969).

*United States v. Munoz-Flores*, 495 U.S. 385, 391 (1990) (emphasis added). The federal courts cannot seek refuge in the political question doctrine to avoid their constitutional responsibility, for "'[w]e have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" *Union Pacific R.R. Co.*, 130 S. Ct. at 590 (quoting *Cohens v. Virginia*, 6 Wheat. 264, 404 (1821)).

In refusing to rehear this case *en banc*, the court has effectively conflated the distinction between cases involving justiciable separation of powers issues and nonjusticiable political questions, expanded the political question doctrine beyond anything that the Supreme Court has ever endorsed, and left the law of the circuit in a state of disarray. This case raises an extraordinarily important question that should have been reheard *en banc* by this court. The inconvenience of *en banc* review is no justification for its denial in a case of this importance.

\* \* \* \*

In 2002, Congress passed the Foreign Relations Authorization Act, Fiscal Year 2003, Pub. L. No. 107-228, 116 Stat. 1350 (2002). Section 214 of the Act, entitled "United States Policy with Respect to Jerusalem as the Capital of Israel," includes the following provision which is at issue in this case:

> (d) RECORD OF PLACE OF BIRTH AS ISRAEL FOR PASSPORT PURPOSES – For purposes of the registration of birth, certification of nationality, or issuance of a passport of a United States citizen born in the city of Jerusalem, the Secretary shall, upon the request of the citizen or the citizen's legal guardian, record the place of birth as Israel.

*Id*. § 214(d). Menachem Binyamin Zivotofsky was born in 2002 in Jerusalem. Because his parents are United States citizens, Zivotofsky is also a United States citizen. After Zivotofsky's birth, his mother filed an application on his behalf for a consular report of birth abroad and a United States passport. She requested of United States officials that these documents indicate her son's place of birth as "Jerusalem, Israel." United States diplomatic officials informed Mrs. Zivotofsky that, pursuant to Executive regulations, passports issued to United States citizens born in Jerusalem could not record "Israel" as the place of birth. When the Zivotofskys received Menachem's passport and consular report, both documents recorded his place of birth as "Jerusalem." On his behalf, Zivotofsky's parents filed this action under § 214(d) against the Secretary of State seeking to compel the State Department to identify Menachem's place of birth as "Israel."

The Secretary does not doubt that the Zivotofskys have standing to raise a viable cause of action under § 214(d) of the Foreign Relations Authorizations Act. Nor does the Secretary doubt that the Zivotofskys properly invoked the District Court's statutory jurisdiction under 28 U.S.C. §§ 1331, 1346(a)(2), and 1361. Therefore, the issue before this court is:

> Whether § 214(d) of the Foreign Relations Authorizations Act, which affords Zivotofsky a statutory right to have "Israel" listed as the place of birth on his passport, is a constitutionally valid enactment.

Put another way, the court must decide:

> Whether, in enacting § 214(d), which is aimed at "United States Policy with Respect to Jerusalem as the Capital of Israel," Congress impermissibly intruded on the President's exclusive power to recognize foreign sovereigns.

These questions involve commonplace issues of statutory and constitutional interpretation, and they are plainly matters for the court to decide.  The Supreme Court has made it clear time and again that the "federal courts lack the authority to abstain from the exercise of jurisdiction that has been conferred." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 358 (1989); *see also Boumediene v. Bush*, 553 U.S. 723, 128 S. Ct. 2229, 2252-53 (2008); *Munoz-Flores*, 495 U.S. at 390-91; *I.N.S. v. Chada*, 462 U.S. 919, 941-43 (1983); *Powell v. McCormack*, 395 U.S. 486, 521 (1969);  *Baker v. Carr*, 369 U.S. 186, 211 (1962); *Vermilya-Brown Co. v. Connell*, 335 U.S. 377, 380 (1948).

In this case, there are two questions that are properly before the court:  (1) whether the Executive's passport policy reflects an action taken within the President's exclusive power to recognize foreign sovereigns; and, if so,  (2) whether Congress' enactment of § 214(d) impermissibly intrudes on the President's exclusive power to recognize foreign sovereigns.   These questions raise issues that are constitutionally committed to the Judicial Branch to decide.  The Zivotofskys' claim resting on § 214(d) does not require this court to evaluate the wisdom of the Executive's foreign affairs decisions or to determine the political status of Jerusalem.  The court's role in this case is to determine the constitutionality of a congressional enactment. And this role is well within the constitutional authority of the judiciary. *Baker*, 369 U.S. at 212 ("[O]nce sovereignty over an area is politically determined and declared, courts may examine the resulting status and decide independently whether a statute applies to that area."); *Vermilya-Brown Co.*, 335 U.S. at 380-81 (Whether the Fair Labor Standards Act covered employees allegedly engaged in commerce or production of goods for commerce on a leasehold of the United States, located on the Crown Colony of Bermuda, was not a political question outside of judicial power but could be determined by the court).

The panel majority opinion in this case is founded on the view that the court cannot award the relief the Zivotofskys seek because that relief can be granted only by the Executive Branch. But this puts the cart before the horse. A conclusion that relief can be granted only by the Executive Branch can only be reached *after* the court addresses the separation of powers question that is at the heart of this case. The Executive Branch does not prevail merely because it *asserts* that it has exercised its recognition power. As noted above, this court must first determine whether the Executive's passport policy reflects an action taken within the President's exclusive power to recognize foreign sovereigns and, if so, whether Congress' enactment of § 214(d) impermissibly intruded on the President's exclusive power. A simple hypothetical amplifies this point.

Assume that a lawfully enacted congressional statute provides that individuals over the age of 18 have a right to secure a passport on their own. Assume further that the statute gives individuals an enforceable right of action. If the Secretary of State adopts a policy pursuant to which 18-year-olds are denied passports without parental consent, claiming an exercise of the Executive's recognition power, an aggrieved party would have a right of action to challenge the Secretary. A federal court hearing the case surely would entertain the plaintiff's claim and decide it on the merits. Indeed, we would reject as absurd any claim by the Executive that the plaintiff's claim should be dismissed as a "political question" merely because the Executive has *asserted a right* to deny passports without parental consent. The plaintiff would have standing to pursue her claim and the federal court would have jurisdiction to decide it. And the court would be well able to evaluate the competing claims of power and easily determine that the Executive overreached in its assertion of exclusive authority under the recognition power. The court would find no valid exercise of textually committed power by the Executive Branch.

8

In this case, Congress has passed a bill that purports to regulate passports. The Executive has contended that the statute exceeds the authority of Congress because it interferes with the Executive's exercise of its recognition power. The court must therefore determine the constitutionality of the statute. As the Court noted in *Munoz-Flores*:

> The Government may be right that a judicial finding that Congress has passed an unconstitutional law might in some sense be said to entail a "lack of respect" for Congress' judgment. But disrespect, in the sense the Government uses the term, cannot be sufficient to create a political question. If it were, *every* judicial resolution of a constitutional challenge to a congressional enactment would be impermissible. Congress often explicitly considers whether bills violate constitutional provisions. . . . Yet such congressional consideration of constitutional questions does not foreclose subsequent judicial scrutiny of the law's constitutionality. On the contrary, this Court has the duty to review the constitutionality of congressional enactments.

495 U.S. at 390-91.

In a case of this sort, the political question doctrine would bar judicial review only if the precise matter to be decided has been constitutionally committed to the exclusive authority of one of the political branches of government. *Compare Nixon v. United States*, 506 U.S. 224, 229-36 (1993), *with Powell*, 395 U.S. at 519-22. Because there is nothing in the Constitution that gives either political branch the exclusive authority to determine whether the Executive has acted pursuant to the recognition power or whether a congressional enactment has infringed the Executive's power, the court must resolve the issues.

The simple point here is that it is the role and responsibility of the federal courts to decide whether and to what extent a

matter is reserved to the exclusive authority of a political branch. *See Nixon*, 506 U.S. at 238 ("[C]ourts possess power to review either legislative or executive action that transgresses identifiable textual limits."); *Powell*, 395 U.S. at 521 ("[W]hether there is a 'textually demonstrable constitutional commitment of the issue to a coordinate political department' of government and what is the scope of such commitment are questions we must resolve."); *Baker*, 369 U.S. at 211 ("Deciding whether a matter has in any measure been committed by the Constitution to another branch of government, or whether the action of that branch exceeds whatever authority has been committed, is itself a delicate exercise in constitutional interpretation, and is a responsibility of this Court as ultimate interpreter of the Constitution.").

\* \* \* \*

The court's recent *en banc* decision in *El-Shifa Pharmaceutical Industries Co. v. United States*, ___ F.3d ___, 2010 WL 2352183 (D.C. Cir. Jun. 08, 2010) (No. 07-5174)*,* lends no credence to the panel majority opinion in this case. *El-Shifa* states that a court must "conduct a discriminating analysis of the particular question posed in the specific case before the court," *id*. at \*4 (internal quotation marks omitted), before applying the political question doctrine. Obviously, this means that we must look to the disputed statute itself and ask whether that statute sets limits on Executive authority, or whether the statute authorizes or necessitates judicial review of actions textually committed to the President. If we follow this prescription here, there can be no doubt that the Zivotofskys' claim in this case raises a separation of powers rather than political question issue. Section 214(d), the statutory provision at issue in this case, is straightforward and clearly aimed at infringing on the Executive's authority. The statute is boldly entitled "United States Policy with Respect to Jerusalem as the

Capital of Israel." And Congress has provided that, "For purposes of the registration of birth, certification of nationality, or issuance of a passport of a United States citizen born in the city of Jerusalem, the Secretary shall, upon the request of the citizen or the citizen's legal guardian, record the place of birth as Israel." § 214(d). What could be more clear? The statute raises a simple separation of powers issue that is ripe for judicial resolution.

In *El-Shifa*, by contrast, resolution of the case required an examination of the President's reasons for a military strike, based on general laws that are not on their face aimed at Executive authority. *Zivotofsky* and *El-Shifa* are on opposite ends of the separation of powers/political question spectrum.

\* \* \* \*

The panel majority opinion is ironic insofar as it proclaims to dismiss the Zivotofskys' action solely on "jurisdictional" grounds and disclaims any decision on the merits. The truth of the matter is just the opposite. The panel majority opinion rather obviously rests on the premise that, because § 214(d) directly infringes the Executive's recognition power, Congress exceeded its constitutional authority in enacting the disputed statute. Absent this premise, the judgment reached by the panel majority would be incomprehensible. Indeed, Government counsel conceded during oral argument that a judgment in its favor undoubtedly would be taken as a declaration by this court that Congress' statutory enactment is unconstitutional. I agree with this conclusion, which obviously does not implicate the political question doctrine.